IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILBERT JONES, JR.,

    Plaintiff,

v.                                                                                                No. 23-cv-0737 KWR/SCY

BOARD OF COUNTY COMMISSIONERS
FOR BERNALILLO COUNTY, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Wilbert Jones, Jr.'s Motion to Reopen this closed case. (Doc. 12). Plaintiff is proceeding *pro se* and is incarcerated. He asks the Court to reconsider its ruling dismissing his civil complaint without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute and comply with the Court's orders. Having considered the Motion to Reopen and applicable law, the Court will deny the Motion.

## BACKGROUND

Plaintiff filed his Prisoner Civil Rights Complaint on September 15, 2023, raising claims under the Fifth, Sixth and Fourteenth Amendments relating to his incarceration in the Bernalillo County Metropolitan Detention Center. (Doc. 2). On January 12, 2024, the Court entered an Order to Cure Deficiency requiring Plaintiff to either prepay the required filing fee, or alternatively to file a motion to proceed *in forma pauperis*. (Doc. 5) (Cure Order). The Cure Order noted that Plaintiff filed a letter on November 8, 2023 suggesting he had used the *in forma pauperis* form mailed to him by the Clerk's Office in another case. *Id.* at 1. The Court ordered the Clerk's Office to mail Plaintiff a new copy of the *in forma pauperis* form and advised Plaintiff that

28 U.S.C. § 1915 requires litigants seeking to proceed *in forma pauperis* to apply for such relief in each separate case. *Id.* at 1-2.

The deadline for Plaintiff to comply with the Cure Order was February 12, 2024. On February 26, 2024, the Court entered an Order of Dismissal and Final Judgment, noting that Plaintiff failed to comply with or otherwise respond to the Cure Order and that a copy of the Cure Order that was mailed to Plaintiff at the address of record was returned as undeliverable. *See* (Doc. 6, 7, 8, 9). A copy of the Order of Dismissal and Final Judgment were also returned as undeliverable. (Doc. 10). On May 13, 2024, Plaintiff filed a Notice of Change of Address. (Doc. 11).

Plaintiff filed his Motion to Reopen on May 31, 2024, stating he had sought clarification from the Court in his November 8, 2023 letter regarding whether a partial payment of $10.76 he sent to the Court applies to this case or to Case No. 23cv502 DHU/KRS, where he had been granted leave to proceed *in forma pauperis*. (Doc. 12). He further states he did not receive the January 12, 2024 Cure Order because his mail was not forwarded to him. *Id.* He claims he "filed the 28 U.S.C. 1915 for this case and it was filed under the wrong case." *Id.*

## **ANALYSIS**

Because Plaintiff filed the Motion to Reopen more than twenty-eight days after entry of the Order of Dismissal and Judgment, the Court must analyze the Motion under Federal Rule of Civil Procedure 60(b). *See Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006). Rule 60(b) allows relief from a judgment in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud. *See* Fed. R. Civ. P. 60(1)-(3). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief." However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends

justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).

Having considered the record, the Court finds none of these circumstances exist in this case. In his Motion to Reopen, Plaintiff states that on November 8, 2023, he filed a letter asking for clarification regarding whether a payment he made in a different case applied to this case. *See* (Doc. 12) (citing Doc. 3, the November 8, 2023 letter). The Court addressed that letter in the Cure Order and explained to Plaintiff that 28 U.S.C. § 1915 requires litigants seeking to proceed *in forma pauperis* to apply for such relief in each separate case. *See* (Doc. 5) at 1-2 (citing *Bruce v. Samuels*, 577 U.S. 82 (2016) (The requirements of § 1915 apply "each time a prisoner brings a civil action.")). The Court directed Plaintiff to either prepay the filing fee or file a motion to proceed *in forma pauperis* that includes an inmate account statement, and the Clerk's Office sent Plaintiff a second blank motion to proceed *in forma pauperis*. (Doc. 5) at 2. While Plaintiff states he did not receive the Cure Order because his mail was not forwarded to him, it is Plaintiff's responsibility to provide the Court with a current address. *See* D.N.M. LR-Civ. 83.6; *Theede v. U.S. Dep't of Lab*, 172 F.3d 1262, 1267 (10th Cir. 1999) (Litigants "bear the burden of filing notice of a change of address," and a party acting *pro se* "does not discharge his duties to abide by the rules of the court in which he litigates.") (citations and internal quotation marks omitted). Moreover, as noted above, the Order of Dismissal was entered without prejudice. There is no indication in the record that Plaintiff's claims are time-barred, and he has not paid any portion of the filing fee in this closed case. Plaintiff can simply file a new case and address the filing fee requirement in that case, if he still wishes to pursue his claims. The Motion to Reopen, therefore, does not establish grounds for relief under Rule 60. The Clerk's Office will send Plaintiff another

form § 1983 complaint and application to proceed *in forma pauperis*, if he still wishes to pursue his claims in a new case.

**IT IS ORDERED** that Plaintiff Wilbert Jones, Jr.'s Motion to Reopen (**Doc. 12**) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Plaintiff a form § 1983 complaint and a form *in forma pauperis* motion, should he wish to file a new case.

**SO ORDERED**.

                                                                 /S/   KEA W. RIGGS
                                           UNITED STATES DISTRICT JUDGE